OPINION OF THE COURT
Joseph Gerace, J.
Defendants move in the alternative for a stay or dismissal of this action claiming violation of 42 USC § 1983. The action al *418 leges that the defendants, as an act of religious discrimination, imposed property tax on plaintiff despite plaintiff’s status as a nonprofit, tax-exempt, religious organization. Plaintiff does not challenge the property tax statutes as unconstitutional on their face, but rather the application of the statutes in this instance. The complaint demands declaratory and injunctive relief, as well as attorney fees pursuant to 42 USC § 1988.
Plaintiff is also the petitioner in a separate proceeding, brought pursuant to article 7 of the Real Property Tax Law, in which it seeks a determination that it is entitled to tax-exempt status. Pursuant to Real Property Tax Law § 726, petitioner, if successful in that proceeding, would be entitled to a refund of any improperly collected taxes, in addition to the correction of the property’s misclassification.
Pursuant to the authority of National Private Truck Council v Oklahoma Tax Commn. (515 US 582 [1995]), the motion to dismiss must be granted.
In National (supra), the petitioners had been awarded refunds of money paid under a tax law declared invalid pursuant to the dormant Commerce Clause of the United States Constitution. In addition, however, they sought declaratory and injunctive relief under 42 USC § 1983, as well as attorney’s fees under 42 USC § 1988. The Supreme Court stated that “the background presumption that federal law generally will not interfere with administration of state taxes leads us to conclude that Congress did not authorize injunctive or declaratory relief under § 1983 in state tax cases when there is an adequate remedy at law.” (National Private Truck Council v Oklahoma Tax Commn., at 588.)
In attempting to distinguish this holding, plaintiff contends that New York State law does not provide “an adequate remedy at law” because plaintiff seeks declaratory and injunctive relief, and the State statutory proceeding provides only a monetary remedy. Plaintiff points out that the State statute involved in National (supra) did provide declaratory relief.
This argument is based upon a misinterpretation of the phrase “at law”. According to Black’s Law Dictionary (114 [5th ed 1979]), the phrase is used “[particularly in distinction from that which is done in or according to equity”. The intent of the Supreme Court was to hold that the equitable remedies of declaratory judgment and injunction under section 1983 would not be available where a monetary remedy is available under State law. This is made clear by its statement of its holding: “[W]e hold that § 1983 does not call for either federal or state *419 courts to award injunctive and declaratory relief in state tax cases when an adequate legal remedy exists. Petitioners do not dispute that Oklahoma has offered an adequate remedy in the form of refunds.” (National Private Truck Council v Oklahoma Tax Commn., supra, at 589 [emphasis added].)
The same is true of New York State law. An adequate remedy is provided in the form of refunds and, according to National (supra), this precludes section 1983 relief. (See, e.g., General Motors Corp. v City & County of San Francisco, 69 Cal App 4th 448, 458, 81 Cal Rptr 2d 544, 550 [1999] [“An adequate state refund remedy precludes equitable relief under section 1983 in every court, and thus also precludes the associated recovery of attorney fees”].)
There is nothing in National (supra) to indicate that this clear rule applies only to challenges to a statute as unconstitutional on its face and not to challenges to the allegedly unconstitutional application of the statute. Further, there is nothing in the Court’s reasoning that would not apply with equal force to a case like this one, challenging such application.
It is, therefore, ordered that the motion to dismiss the complaint is granted; and it is further ordered that defendants’ counsel must present to the court for filing a recital of the papers submitted by all parties, pursuant to CPLR 2219, and furnish a copy thereof to opposing counsel.